**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MATTHEW P. DEC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-1591 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| DISTRICT OF THIRD CIRCUIT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the reasons that follow, Plaintiff's case will be dismissed as frivolous under

28 U.S.C. § 1915(e)(2).

Having been granted leave to proceed *in forma pauperis* ("IFP"), Plaintiff is subject to

the screening provisions in 28 U.S.C. § 1915(e). *See* <u>Atamian v. Burns</u>, 2007 WL 1512020, *1-2

(3d Cir. May 24, 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP]

complaints filed by prisoners and non-prisoners alike") (citations omitted). Section 1915(e)(2)

provides that "the [C]ourt shall dismiss the case at any time if [it] determines that . . . the action

. . . is frivolous." *Id.*, § 1915(e)(2)(B)(i).

Plaintiff purports to bring suit against "the Jurisdiction of the District of the Third Circuit

of the Federal Courts [sic]." Compl. (Doc. 2). To the extent that his pleadings are intelligible,

Plaintiff appears to challenge the constitutionality of unspecified laws prohibiting the possession

of firearms by convicted felons. *See id.* at ¶¶ 8-13. In Plaintiff's view, depriving convicted

felons who engaged in "non-violent or non-sexual offense[s]," such as "growing marijuana or

getting into a non-lethal fight with a mutual combatant in a drunken brawl," violates the Second

Amendment. *See id.* at ¶ 12.

The Court of Appeals for the Third Circuit has recognized the presumptive constitutionality of felon dispossession statutes. *See* U.S. v. Barton, 633 F.3d 168, 172-73 (3d Cir. 2011) ("felon gun dispossession statutes are presumptively lawful," and "[a] lawful prohibition regulates conduct fall[ing outside] the scope of the Second Amendment[]") (citation to quoted sources omitted, some alterations in original). The Complaint fails to identify any specific dispossession statute, let alone "establish [ ] that no set of circumstances exists" under which any such statute "would be valid, *i.e.*, that the law is unconstitutional in all of its applications." *Id.* at 172 (identifying legal standards regarding facial constitutional challenge) (citation to quoted source omitted). The Complaint also is bereft of any factual averments that may support an "as applied" challenge. *See generally id.* at 173; *see also* Compl. at ¶ 13 (purporting to seek relief on behalf of not only Plaintiff, but "[all of] the constituents of this District").

Plaintiff's blanket challenge to the constitutionality of unspecified felon dispossession statutes is "indisputably meritless,"[1] and therefore is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Given the nature of Plaintiff's claims, amendment of his pleadings would be futile, and, therefore, this case is **DISMISSED WITH PREJUDICE**.[2]

IT IS SO ORDERED.

November 5, 2012

s\Cathy Bisson
Cathy Bisson
United States District Judge

---

[1] *See* Mehta v. City of Jersey City, 2010 WL 95058, *1 (3d Cir. Jan. 12, 2010) (applying same standard under Section 1915) (citation to quoted source omitted).
[2] In light of this ruling, Plaintiff's Motion (**Doc. 4**) for service by the U.S. Marshal is **DENIED AS MOOT**.

cc (via First-Class U.S. Mail):

Matthew P. Dec
314 Liberty Street, Apt. C
Butler, PA  16001